·Jorge IGLESIAS–MENDOZA,
et al. Plaintiffs,

v.

LA BELLE FARM, INC.,
et al. Defendants.

No. 06 CIV. 1756(CM).

United States District Court,
S.D. New York.

Jan. 4, 2007.

Daniel Werner, Kingston, NY, for Plaintiffs.

Christine Mary Cooper, Monte Benton. Lake, Natalie Kay Brouwer, McGuiness Norris & Williams, LLP, Washington, DC, for Defendants.

## MEMORANDUM AND DECISION DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

MCMAHON, District Judge.

Plaintiffs move this court pursuant to Local Civil Rule 6.3 to reconsider its Memorandum and Order entered on December 7, 2006, which denied plaintiffs' motion for class certification without prejudice. *Iglesias–Mendoza v. La Belle Farm, Inc.* 2006 WL 3634567 (S.D.N.Y. Dec. 7, 2006).[1] Plaintiffs challenge the court's analysis of the named plaintiffs' eligibility for relief under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), its characterization of Plaintiff Angela Leyva Garcia's employment with defendants, and its omission from the opinion of plaintiffs' motion for pre-certification of a Fair Labor Standards Act ("FLSA") representative action.

### Standard of Review

 To prevail on a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir. 1983). The court's review "is narrow and applies only to already-considered issues; new arguments and issues are not to be considered." *See Morales v. Quintiles*

*Transnat'l Corp.,* 25 F.Supp.2d 369, 372 (S.D.N.Y.1998). A motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" *See id.* (citations omitted).

### Discussion

#### I. AWPA class certification

Plaintiffs' motion is predicated on an erroneous premise. They ask this court to reconsider its "decision" about the scope of the Agricultural Workers Protection Act ("AWPA"), apparently believing that I concluded definitively that the named plaintiffs were not covered by that statute.

 I made no such ruling. Rather, in the December 7 order, I concluded that the applicability of the AWPA to the defendants' workforce was "inextricably intertwined" with a determination about the typicality of the named plaintiffs' AWPA claims and their adequacy to serve as class representatives. In keeping with recent Second Circuit precedent, see *Miles v. Merrill Lynch,* 471 F.3d 24 (2d Cir.2006), I concluded that it was premature to make any ruling on class certification, because it might involve resolution of a merits-related issue in advance of discovery. The court did not "overlook" any controlling law in deciding to postpone class certification until it could properly evaluate—in the full light of the evidence—who qualifies for inclusion in the class *as plaintiffs chose to define the class.* Rather, I applied brand new but clearly binding precedent and deferred ruling on the issue presented.

Plaintiffs offer no compelling reason for me to reconsider that decision.

The class plaintiffs sought to certify was "All migrant and seasonal agricultural workers (1) housed in employer-provided housing, and (2) employed at Defendants' poultry processing plant between March 3, 2000 and the present." Defendants argued that the proposed class was not sufficiently numerous, because none of the workers employed by the defendants was a "migrant" or "seasonal"

---

1. Familiarity with the December 7 Order and the relevant facts discussed therein is presumed.

worker as those terms are defined in the AWPA (the statute under which plaintiffs sued). Deciding the issue of numerosity—a prerequisite to class certification—thus required the court to decide whether the workers employed by the defendants—all of them, some of them or none of them—qualified as a "migrant" or "seasonal" worker, which goes to the merits of one of the plaintiffs claims.

■ In declining (for the present) to certify the class proposed by plaintiffs, the court—now bound by a decision that had not yet been written when the motion for class certification was made—did no more than note the intertwining of the class and merits-based issues and decline to convert the motion for class certification into a pre-discovery motion for summary judgment. I see no reason to retreat from that conclusion. The parties, understandably unaware that *Miles* was on the horizon, did not brief this as a motion for summary judgment, so I cannot say whether there are disputed issues of material fact relating to both class certification and the merits that the court needs to resolve, but I imagine that there are. Whether work qualifies as "seasonal" or "temporary," such that a worker is considered a "migrant" under the AWPA, is a fact-specific inquiry. It may be that the parties agree on what the relevant facts are—or it may be that they do not—but there are facts that have to be found, and under *Miles* I cannot provisionally certify a class first and make those fact-findings later.

■ While I did read the cases cited by plaintiffs (from other circuits) concerning the nature of "temporary" work (apparently a defining characteristic of "seasonal" or "migrant" employment under the AWPA)—and found them, at first blush, less than persuasive in the context of the named plaintiffs' own work situations—I have neither determined that an AWPA class would be inappropriate nor that the named plaintiffs are not themselves members of such a class. In this particular case, it is hard for me to see how I can possibly make such a determination without deciding whether the AWPA applied to defendants' work force n light of the facts as they existed during the proposed class period in defendants' workplace. Until I have more information about the people who have worked for defendants and what they did and for how long, I am in no position to make any final determination of those issues. If the class needs to be defined in terms that relate to the underlying merits of the AWPA claim, then class certification needs to be postponed.

Plaintiffs suffer no prejudice from my decision to defer a class certification ruling (at least on the Second Cause of Action). Should they prevail on the discrete merits issue, they can renew their motion for class certification, which I will be more than happy to consider. I intend to impose a tight discovery deadline (on the order of ninety days) and to enforce that deadline strictly, with draconian sanctions (in the form of a preclusion order) should defendants fail to provide requested information on an expedited basis. Alternatively, plaintiffs can try to define the class they seek to represent in terms that do not implicate the merits. (Simply dropping the words "seasonal" and "migrant" from their proposed class definition might be sufficient).

## II. FLSA Representative Action certification

Plaintiffs also sought pre-certification of a class on claims relating to alleged violations of federal pursuant to the FLSA, 29 U.S.C. § 216 and certification of a class on parallel claims brought under the New York Labor Law §§ 652 and 670 *et seq.*, Article 19, §§ 160 *et seq.* and § 190 *et seq.* and its implementing regulations. Plaintiffs allege that the court "overlooked" this aspect of their prayer for relief.

I did not "overlook" the fact that plaintiffs sought to certify an FLSA "opt in" class or a traditional "opt out" class under the state Labor Law. Rather, I declined to certify *any* class on *any* claim because plaintiffs chose to define that class in the same terms as the class for the claim brought under the AWPA.

However, wage and hour claims are singularly appropriate for class treatment, and the solution to this problem is clear: redefine the wages and hours class in an appropriate manner.

In their motion for reconsideration, plaintiffs suggest an alternative definition for their New York Labor Law claims—"All individuals employed at the Defendants' poultry facilities between March 3, 2000 and the present." They did not indicate whether I should apply a similar definition to pre-certify an opt-in FLSA class.

I am inclined to certify a class under both the FLSA and the Labor Law, but using an appropriate definition. Plaintiffs have until 5 p.m. on January 8 to indicate whether the revised definition they propose for the class should be used to pre-certify an FLSA opt-in class as well. (Because of statute of limitations issues, it may be necessary to modify the proposed definition for FLSA purposes.) I will then give Defendants 10 days (or until January 18) to comment on the propriety of the proposed class definition(s). The court will rule promptly and without the need for any reply papers unless I request them.

CONCLUSION

Plaintiffs' motion for reconsideration is denied.

This constitutes the decision and order of the Court.